### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACY LOVELESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-24-112-SLP |
| | ) |
| TRUEACCORD CORP., | ) |
| | ) |
| Defendant. | ) |

### **O R D E R**

Before the Court is Plaintiff's Motion to Strike TrueAccord Affirmative Defenses [Doc. No. 7]. Defendant has filed its Response [Doc. No. 8]. Plaintiff has not filed a reply and the time for doing so has expired. *See* LCvR 7.1(i).

Plaintiff moves to strike all three affirmative defenses raised by Defendant in its Answer. *See* Answer [Doc. No. 5], Affirmative Defenses, ¶¶ 1-3. Plaintiff contends these affirmative defenses are "insufficient, frivolous, vague, conclusory and without factual basis under Rule 12(f) of the Federal Rules of Civil Procedure." Pl.'s Mot. at 2.

In response, Defendant has agreed to withdraw affirmative defense number 3 but contends that affirmative defense numbers 1 and 2 are "sufficiently pled." Def.'s Resp. at 6-9. Based on Defendant's representation, the Court deems Plaintiff's Motion confessed as to affirmative defense number 3.[1]

---

[1] Affirmative defense number 3 reads as follows: "TAC reserves the right to add affirmative defenses as discovery and litigation of this matter progresses." *See* Answer, Affirmative Defenses, at 3, ¶ 3.

Affirmative defense number 1 provides: "Plaintiff lacks standing to bring this matter." *See* Answer, Affirmative Defenses, at 3, ¶¶ 1-2. Plaintiff provides no argument as to affirmative defense number 1 but simply states that it is not an affirmative defense. Pl.'s Mot. at 10. Although it would have been helpful for Plaintiff to provide some authority to support her argument, Plaintiff is correct that standing is not an affirmative defense. *See, e.g., Schultz v. United States*, 529 F.3d 343, 349 n. 4 (6th Cir. 2008); *see also Mad Room, LLC v. City of Miami*, No. 21-CV-23485, 2024 WL 2776173 at *19 (striking affirmative defense based on standing because "standing is not an affirmative defense" but instead is properly raised in a dismissal motion). Standing speaks to the Court's subject-matter jurisdiction. As such, the issue can be raised at any time. *See, e.g., U.S. v. Real Property known as 7501 N.W. 210th Street*, 437 F. App'x 754, 757 (10th Cir. 2011) (citing *Wilson v. Glenwood Intermountain Props., Inc.*, 98 F.3d 590, 591-93 (10th Cir. 1996)).

The Court grants Plaintiff's Motion as to affirmative defense number 1 but notes that "Plaintiff has been done no harm by the pleading of lack of standing which it must be prepared to defend at any point in the litigation." *GS Holistic, LLC v. Eastown Smoke Shop, LLC*, No. 3:23-cv-292, 2024 WL 19988 at *2 (S.D. Ohio Jan. 2, 2024) (recognizing standing is not an affirmative defense, but declining to strike same). To this end, the resources of the Court and the parties are likely better spent on matters that do not turn on what appears to be a pleading technicality with no discernible consequence.

Affirmative defense number 2 reads: "TAC acted in good faith with reasonable grounds to believe that its actions were not in violation of law, including the FDCPA, and

to the extent it is applicable, which TAC disputes, the actions were unintentional and/or were the result of a bona fide error." *See* Answer, Affirmative Defenses, at 3, ¶¶ 1-2.[2]

As to Defendant's affirmative defense number 2 alleging "bona fide error" under 15 U.S.C. § 1692(k) Plaintiff argues that Rule 9(b) of the Federal Rules of Civil Procedure applies. The Court has previously rejected this argument. *See Lemons v. Portfolio Recovery Assocs.*, No. CIV-23-600-SLP, 2023 WL 8704733 at * 1, n. 3 (W.D. Okla. Dec. 15, 2023) (citing *Sexton v. Evergreen Vill. Cmty. MHC, LLC*, No. 2:19-CV-00675-CW-JCB, 2020 WL 7038501 (D. Utah July 20, 2020); *Twitty v. United Collection Bureau, Inc.*, No. CV-0:23-4559-SAL-SVH, 2023 WL 8242430 at *3 (D.S.C. Nov. 28, 2023) (finding no case law from the district or the Fourth Circuit supporting the application of Rule 9(b)'s fraud standard to a "bona fide error" affirmative defense grounded in § 1692k and collecting cases from other jurisdictions reaching the same result)). The Court adheres to its prior finding and deems the reasoning set forth in *Sexton* persuasive. Therefore, the Court rejects Plaintiff's Rule 9(b) argument.[3] Plaintiff has fair notice of the defense and discovery will provide the necessary details to Plaintiff.

---

[2] Plaintiff misquotes the affirmative defense as follows: "Defendant affirmatively pleads Any violation, if it occurred, was the result of a bona fide error. For example, but without limitation, TrueAccord Corp has policies and procedures in place to ensure that communication is being directed to the proper channels." Pl.'s Mot. at 8. It is unclear where Plaintiff has obtained this language but a review of the Answer filed in this action clearly shows the quoted language is contrary to the affirmative defense stated. Plaintiff is cautioned against cutting and pasting from briefing submitted in other lawsuits particularly where doing so misrepresents the record.

[3] The same counsel representing Plaintiff in this action represented the plaintiff in *Lemons*. Although *Lemons* is not binding precedent, the Court is puzzled as to why, in the pending Motion, counsel did not reference the Court's previous decision in *Lemons* given the near identical nature of the issue raised.

Upon review, the Court finds affirmative defense number 2 adequately apprises Plaintiff of the nature and substance of the defense raised. The defense, therefore, will not be stricken.

IT IS THEREFORE ORDERED that Plaintiff's Motion is GRANTED as to Defendant's affirmative defense numbers 1 and 3 and those affirmative defenses are STRICKEN. Plaintiff's Motion is DENIED as to Defendant's affirmative defense number 2.

IT IS SO ORDERED this 31st day of July, 2024.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE