IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACY LOVELESS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-24-112-SLP |
| TRUEACCORD CORP., | ) ) ) |
| Defendant. | ) |

**O R D E R**

Before the Court are the following Motions: (1) Defendant TrueAccord Corp.'s Motion for Summary Judgment [Doc. No. 16]; (2) Plaintiff's Motion for Continuance Pursuant to Rule 56(d) and Brief in Support [Doc. No. 17]; (3) Defendant's Motion to Strike Witness List [Doc. No. 22]; and (4) Plaintiff's Opposed First Motion for Leave to File Witness and Exhibit List Out of Time and Memorandum of Law in Support [Doc. No. 26]. These matters are at issue and ready for determination. For the reasons set forth Defendant's Motion for Summary Judgment is GRANTED and the remaining Motions are DENIED.

**I.    Introduction**

Plaintiff, Stacy Loveless (Plaintiff), brings this action alleging that Defendant TrueAccord Corp. (Defendant) has violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. Plaintiff's claims are based on a text message sent by Defendant to a cell phone number in an attempt to collect a debt owed to AT&T U-Verse. Plaintiff

alleges that Defendant violated 15 U.S.C. § 1692c(c) "by failing to cease collection after receiving written notice." Compl. [Doc. No. 1] at 3, ¶ 12.

## II.   Governing Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In deciding whether summary judgment is proper, the court does not weigh the evidence, but rather determines whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Roberts v. Jackson Hole Mountain Resort Corp.*, 884 F.3d 967, 972 (10th Cir. 2018).  If there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way, the issue is "genuine." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).  "Material" issues of fact include those that, under the substantive law, are essential to the proper disposition of the claim.  *Id.*  The Court construes the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor.  *Est. of Beauford v. Mesa Cnty., Colo.*, 35 F.4th 1248, 1261 (10th Cir. 2022) (citing *Anderson*, 477 U.S. at 248).

## III.   Plaintiff's Rule 56(d) Request

Plaintiff has not responded to Defendant's Motion.[1]  Instead, on the day the response was due, Plaintiff filed a motion and requested a "continuance." Plaintiff cites Rule 56(d)

---

[1] In her Motion, Plaintiff states that she has concurrently filed a response to Defendant's summary judgment motion. *See* Pl.'s Mot. [Doc. No. 17] at 2.  But a review of the docket confirms that no response has ever been filed in this action.

of the Federal Rules of Civil Procedure in support and argues that she needs additional discovery "related to Defendant's allegation on the other account that ***wasn't given during discovery when requested*** in accordance with the Declaration of Eric Nevels." Doc. No. 17 at 2 (emphasis added).[2]  Plaintiff appears to refer to the account that was the subject of the January 20, 2024 text.

Rule 56(d) requires the nonmovant to show "specified reasons" why it cannot present facts "essential to justify its opposition" to a summary judgment motion.  The Tenth Circuit requires a party seeking Rule 56(d) relief to "submit an affidavit (1) identifying the probable facts that are unavailable; (2) stating why these facts cannot be presented without additional time; (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of the adversary's argument for summary judgment." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1110 (10th Cir. 2017).

Plaintiff attaches her own declaration in support of the request.  She states that Defendant never produced the documents identified in Eric Nevel's Declaration.  *See* Declaration of Stacey Loveless (Pl.'s Decl.) [Doc. No. 17-1] at 1, ¶ 4.  She further states:

> I have not had the opportunity to enquire about these accounts during the discovery phase, nor did I have the opportunity to enquire about the supplemental discovery submitted to Defendant, or have yet to be produced by any documents about a twice account.  I would like the opportunity to depose Defendant about these newly found account(s) to Response [sic] to Defendant Motion for Summary Judgment, and will likely be used in its Reply Brief to its Motion for Summary Judgment.

---

[2] As discussed infra, this statement is refuted by the record.  Defendant has demonstrated that discovery related to the second account was provided in response to Plaintiff's discovery requests in July and August, prior to the filing of Defendant's Motion.

*See id.*, ¶ 5.

Plaintiff's declaration is conclusory.  She fails to identify the probable facts that are unavailable.  Instead, she vaguely asserts she wants to inquire about "accounts."  She also fails to state why the probable facts are unavailable, why they cannot be presented without additional time or what past steps she has taken to obtain evidence of these facts.  She simply states that she has not had the opportunity to make inquiry about these facts without explaining how or why she has not had the opportunity to do so.   Although Plaintiff states she would like to depose Defendant, she does not identify what specific facts are needed, how existing discovery is insufficient or tie any outstanding discovery to specific legal arguments she intends to make in response to Defendant's Motion.  As the Tenth Circuit has explained, Rule 56(d) motions are expected to be "robust" and "an affidavit's lack of specificity counsels against a finding that the district court abused its discretion in denying a request for additional discovery under the rule." *Adams v. C3 Pipeline Constr., Inc.*, 30 F.4th 943, 968 (10th Cir. 2021); *see also Dimas v. Pecos Indep. Sch. Dist. Bd. of Educ*. No. 23-2064, 2024 WL 1881076 at *7 (10th Cir. Apr. 30, 2024) (citing *Jones v. City & Cnty. of Denver*, 854 F.2d 1206, 1210 (10th Cir. 1988) ("The mere assertion that evidence supporting a party's allegation is in the opposing party's hands is insufficient.").

Moreover, in Response, Defendant has demonstrated that it has produced documents to Plaintiff related to the accounts at issue, and specifically, the second account about which Plaintiff contends she needs discovery.  Plaintiff would be well-advised to carefully review discovery produced to her.  It is quite apparent that Plaintiff had ample notice through Defendant's discovery responses about the existence of the second account.

The record reflects Plaintiff was provided this information in August 2024, well in advance of the filing of Defendant's summary judgment motion.

Defendant's Response – to which Plaintiff chose not to Reply – further compels the conclusion that Plaintiff's request for additional time to conduct discovery under Rule 56(d) is unwarranted. Moreover, subsequent to the filing of Defendant's summary judgment motion, the record is devoid of any efforts undertaken by Plaintiff to pursue additional discovery in this matter. To the contrary, the record shows that Plaintiff has ignored significant deadlines – including the deadlines for filing her exhibit and witness lists.

For all these reasons, Plaintiff has failed to show relief under Rule 56(d) is warranted. The Court, therefore, proceeds to review Defendant's Motion.[3]

## IV.  Undisputed Material Facts[4]

On January 17, 2024, Defendant sent a text message to a telephone number ending in 0372 regarding a debt owed to AT&T U-Verse. On January 18, 2024, Plaintiff responded, stating: "I refuse to pay the debt."

---

[3] As noted, Plaintiff did not respond to the Motion. But "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). The Court must "examin[e] the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Id.*; *see also Davilla v. Enable Midstream Partners L.P.*, 913 F.3d 959, 968 (10th Cir. 2019) ("[A] party seeking summary judgment must show the law and available evidence compel the requested outcome.").

[4] The material facts set forth in Defendant's Motion, which remain uncontroverted by Plaintiff, are deemed admitted. *See* LCVR 56.1(e); Fed. R. Civ. P. 56(e).

Defendant processed Plaintiff's response. The agent handling the inbound text updated the account records per the refusal to pay and the account was placed in a cease-and-desist status. As a result, no further communications were made on the account.

On January 20, 2024, Defendant sent another text message to the telephone number ending in 0372. This text message concerned a different outstanding account – not the AT&T U-Verse account that was the subject of the January 17, 2024 text.

Each of the two accounts were not issued to Plaintiff, but to a non-party to this action, Plaintiff's daughter. Plaintiff acknowledges that the debts at issue are owed by her daughter. Plaintiff claims she first "received" the telephone number ending in 0372 on January 17, 2024 and that number is her current number.

## V.     Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on the following grounds: (1) Plaintiff lacks Article III standing to bring her claims; (2) Plaintiff cannot establish the elements of her FDCPA claim; and (3) the bona fide error defense applies. As set forth below, the Court finds that the undisputed factual record demonstrates that Plaintiff lacks standing and has not established a violation of the FDCPA. Thus, she has not satisfied the requirements for the Court's exercise of jurisdiction as she cannot assert an injury in fact. Based on this finding, the Court deems it unnecessary to address the bona fide error defense.

### A.     Article III Standing

The Court must first address whether Plaintiff has standing to pursue her claim. *Shields L. Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1279 (10th Cir. 2024)

("[A] challenge to standing presents the threshold jurisdictional question of whether a court may consider the merits of a dispute." (internal quotation marks and citation omitted)).  To have standing, a plaintiff must show that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).  Defendant focuses on the first and second elements of standing – arguing that Plaintiff has not shown either an injury in fact or that any injury is fairly traceable to Defendant's actions.

Injury in fact requires that a plaintiff has suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id*. at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  A concrete injury includes both tangible and intangible harm.  *See id*. at 340

Plaintiff alleges that she has "suffered actual damages . . . in the form of anger, anxiety, intrusion upon seclusion, decreased ability to focus on task while at work, frustration, amongst other negative emotions." Compl. at 3, ¶ 9.  Defendant contends these allegations are insufficient to establish either tangible or intangible harm and, therefore, Plaintiff has failed to establish the injury in fact requirement of standing.

The Court agrees that Plaintiff has failed to meet her burden to show any tangible harm.  She has not pled any physical or monetary harm resulting from Defendant's alleged statutory violation.  *See, e.g., TransUnion, LLC v. Ramirez*, 594 U.S. 413, 425 (2021) (recognizing physical harms and monetary harms as "traditional tangible harms").

Defendant further argues that Plaintiff's allegations of "negative emotions" are insufficient to establish intangible harm, particularly where, as here, she has not alleged any physical manifestation resulting from these negative emotions. Defendant is correct. *See Shields v. Prof'l Bureau of Collections of Md., Inc*., 55 F.4th 823, 825 (10th Cir. 2022) (allegations of "confusion and misunderstanding" in context of FDCPA claim are insufficient to show a concrete injury sufficient to confer standing).

Finally, Defendant argues that Plaintiff's allegation of "intrusion upon seclusion" is insufficient to demonstrate an intangible harm.[5] The Tenth Circuit has held, in examining a claim under § 1692c(c), that the tort of intrusion upon seclusion offers a "close historical or common-law analogue" for the harm protected by the statute sufficient to show a concrete injury for standing purposes. *Lupia v. Medicredit, Inc*., 8 F.4th 1184, 1191-92 (10th Cir. 2021). In *Lupia*, the court reached this conclusion even though the defendant "made only one call to [the plaintiff]" and she "suffered no actual damages." *Id*. at 1192. But in *Lupia*, the debt collector "made an *unwarranted* call and left [the plaintiff] a voicemail about a debt, *despite her having sent written notice disputing the debt and requesting that it cease telephone communications*." *Id*. at 1191 (emphasis added).

Here, by contrast, there is no evidence of any subsequent communication to Plaintiff, as to the account at issue, to support a showing of intrusion upon seclusion. *Cf. Cooper v. US Dominion, Inc*., No. 22-1361, 2023 WL 8613526 at *4 (10th Cir. Dec. 13,

---

[5] Defendant primarily argues that Plaintiff cannot establish the elements of a claim for intrusion under Oklahoma state law. *See* Mot. at 20. But this is the wrong inquiry. *See Shields*, 55 F.4th at 828 ("[A] plaintiff may have standing for a statutory claim even if she could not succeed on the traditional tort[.]").

8

2023) (finding as a crucial distinguishing factor to standing analysis the fact that in *Lupia* the court "recognized the intrusion because the plaintiff had prior contact with the defendant corporation and asked it not to call"). On the record presented, and as discussed below, Plaintiff has not shown any statutory violation. Under these circumstances, Plaintiff has failed to demonstrate an injury in fact.

### B.      Plaintiff's FDCPA Claim Fails as a Matter of Law

Plaintiff's claim is brought under 15 U.S.C. § 1692c(c) which provides in relevant part:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except –
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C. § 1692c(c). Section 1692c(c) "applies on a debt-by-debt basis." *Evans v. Resurgent Capital Servs.*, No. 1:23-cv-02054-JMC, 2024 WL 1557200 at *3 (D. Md. Apr. 10, 2024) (collecting cases). Accordingly, "a debt collector's efforts to collect a debt separate from one which an individual refuses to pay (or directs a debt collector to cease collections efforts regarding) does not constitute a violation of 15 U.S.C. § 1692c(c)." *Id.*

Here, the undisputed material facts show that Defendant did not send any further communication to Plaintiff regarding the AT&T U-Verse account.  The evidence further shows that the communication challenged by Plaintiff and which serves as the sole basis for her claim, i.e., the January 20, 2024 text message, was sent in relation to a different account. There is no genuine dispute of material fact that Defendant's January 20, 2024 text message did not violate the FDCPA because it regarded a debt for which Plaintiff has provided no evidence indicating that she either refused to pay or demanded that Defendant cease contacting her regarding the same.  Accordingly, Plaintiff has failed to demonstrate an injury in fact and lacks standing to bring her claim.[6]

## VI. Conclusion

For the reasons set forth above, the Court finds as follows:

1) Defendant TrueAccord Corp.'s Motion for Summary Judgment [Doc. No. 16] is GRANTED.  A separate judgment shall be entered.

2) Plaintiff's Motion for Continuance Pursuant to Rule 56(d) and Brief in Support [Doc. No. 17] is DENIED;

3) Defendant's Motion to Strike Witness List [Doc. No. 22]; and (4) Plaintiff's Opposed First Motion for Leave to File Witness and Exhibit List Out of Time and Memorandum of Law in Support [Doc. No. 26] are DENIED as MOOT.

---

[6] Based on this finding, the Court deems it unnecessary to address the additional grounds raised by Defendant in support of its Motion for Summary Judgment.

IT IS SO ORDERED this 18th day of December, 2024.

                                                       **SCOTT L. PALK**
                                                       **UNITED STATES DISTRICT JUDGE**